**Norlito Gabot TALIOAGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–74417.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary G. Singh, Esq., Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David M. McConnell, Julia Doig Wilcox, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Petitioner Norlito Gabot Talioaga ("Talioaga") underwent a standard medical examination when he applied for an immigrant visa on October 5, 1999. Talioaga told Dr. Arsenio C. Cantos during a physical examination, and Dr. Merlina P. Abad at a subsequent psychiatric examination, that he used marijuana and methamphetamine in the past.

The American Embassy in the Philippines issued Talioaga an immigrant visa,

but after admission to the United States, the former Immigration and Naturalization Service ("INS") issued a Notice to Appear to Talioaga, citing his admission of past drug use in the medical examinations in the Philippines and to inspectors in Hawaii. On February 9, 2001, an Immigration Judge ("IJ") found Talioaga removable for his prior use of marijuana and ordered him removed. On November 10, 2003, the Board of Immigration Appeals ("BIA") dismissed Talioaga's appeal, relying on this court's decision in *Pazcoguin v. Radcliffe*, 292 F.3d 1209 (9th Cir.2002).

**STANDARD OF REVIEW**

"The BIA's factual findings are reviewed for 'substantial evidence' and will not be overturned unless the evidence compels a contrary conclusion." *Alarcon–Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir.2000).

Due process claims are reviewed de novo. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir.2000).

**DISCUSSION**

**I. Talioaga's arguments regarding his admissions of past drug use to his examining physicians are foreclosed by *Pazcoguin*.**

In *Pazcoguin*, we analyzed the Dangerous Drug Act of the Philippines, and concluded that an admission to use or possession of marijuana is sufficient to constitute an admission to having violated the Act. 292 F.3d at 1214–16. Talioaga does not dispute that he told Dr. Cantos and Dr. Abad that he used marijuana. In addition, at his hearing before the IJ, Talioaga admitted that he knew marijuana was illegal in the Philippines at the time he possessed and used it. Because *Pazcoguin* analyzed the same admission to use of marijuana and the Dangerous Drugs Act, Talioaga must distinguish *Pazcoguin* to establish that he did· not admit to committing a controlled substances offense.

■ Talioaga argues that the alien in *Pazcoguin* was a habitual user, while Talioaga only admitted using marijuana seven times. Talioaga does not point to any provision in the Dangerous Drugs Act or the cases interpreting the Act that establish an additional element of habitual use. The plain language of the Dangerous Drugs Act also does not contain any provision criminalizing a certain amount of use, or habitual use. *See* Dangerous Drugs Act, § 8. Therefore, Talioaga's admissions to the physician and psychiatrist were admissions to the essential elements of a controlled substance offense, making Talioaga inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Pazcoguin*, 292 F.3d at 1215, 1216 ("We are satisfied that Pazcoguin's admitted use of marijuana constituted the essential elements of a crime prohibited by Philippine Republic Act No. 6425.").

■ Next, Talioaga argues that his admission was not voluntary. The evidence from the hearing that Talioaga was forced or coerced into admitting his past drug use was the following exchange:

Q: Maybe you're confused. Did you tell the doctor when you went to St. Luke's Hospital that you had used drugs before?

A: At first I did not tell them and then when they force me to tell them I did tell them in 1996.

Q: Well, how did they force you?

A: They kept asking me.

There is no evidence in the record that Talioaga was coerced or forced into admitting his prior drug use. Because Talioaga cannot meaningfully distinguish *Pazcoguin*, his arguments that his admissions of prior drug use to physicians may not be used, or are insufficient to support the IJ's finding of removability, are foreclosed.

## II. Talioaga's remaining contentions are without merit.

Talioaga makes two additional arguments for the first time in his petition. First, he argues that the BIA was arbitrary and capricious because it has found other immigrants that have used controlled substances to be admissible. The United States Supreme Court has recognized that the BIA considers immigration cases through "a process of case-by-case adjudication." *I.N.S. v. Aguirre–Aguirre,* 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (internal citations and quotation marks omitted); *see also Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1012 (9th Cir.2006) ("It is well-established that Congress delegated to the BIA the authority to promulgate rules, on behalf of the Attorney General, that carry the force of law 'through a process of case-by-case adjudication.'") *(quoting Aguirre–Aguirre,* 526 U.S. at 425, 119 S.Ct. 1439). Talioaga fails to submit any evidence to support his claim, and there is no evidence in the record of an equal protection or due process violation.

Second, Talioaga argues for the first time that the BIA's refusal to admit him is an unconstitutional taking. There is no legal support for Talioaga's argument that his admissibility is somehow property that can be taken. Assuming that Talioaga is making a general due process argument, Talioaga received all the due process he was entitled to in his hearing before an IJ and the consideration of his appeal by the BIA. *See Marcello v. Bonds,* 349 U.S. 302, 311, 75 S.Ct. 757, 99 L.Ed. 1107 (1955) (discussing hearing requirements); *Colmenar v. I.N.S.,* 210 F.3d at 971. Therefore, Talioaga's remaining arguments, to the extent they are presented, fail to present a legitimate due process claim.

For the foregoing reasons, Talioaga's petition for review is **DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.